UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENNAN PATRICK PENROSE,

Petitioner,

v.

DANIEL WHITE,

Respondent.

CASE NO. 3:18-cv-05705-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: February 1, 2019

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Brennan Patrick Penrose, proceeding *pro se* and, filed his federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from his incarceration. Dkt. 4.

Petitioner filed his Petition on August 29, 2018. Dkt. 1. He challenges the administration of his sentence by the Department of Corrections ("DOC"). Dkt. 4. He has also admitted that his state court Personal Restraint Petition ("PRP"), also challenging the administration of his sentence, is still pending in state court. Dkt. 4, p. 2. Respondent filed a Motion to Dismiss, arguing Petitioner has not yet exhausted his state court remedies. Dkt. 10. Petitioner has not responded to that Motion to Dismiss. *See* Dkt.

A state prisoner seeking to file a federal petition for a writ of habeas corpus must first complete his state appeal and any other state post-conviction relief available in state court. 28 U.S.C. § 2254(b), (c). This is because "[s]tate courts should have the first opportunity to examine the lawfulness of a state prisoner's confinement. If a prisoner's claims is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." *Sherwood v. Tomkins*, 716 F.2d 632, 633 (9th Cir. 1983) (citing *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982)). Thus, if a habeas petitioner still has a post-conviction proceeding pending in state court, his habeas petition would be premature. *See Sherwood*, 716 F.2d at 634; *see also Schnepp v. Oregon*, 333 F.2d 288 (9th Cir. 1964) (per curiam) (state remedies are not exhausted if a state post-conviction proceeding is still pending). Indeed, when a state court proceeding is pending, "a would-be habeas corpus petitioner must await the outcome of [the proceeding] before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.2d at 634. This is because if a petitioner is successful in his state court proceeding, he may be released, thereby mooting the federal challenge. *Id.*

Here, Respondent has filed a Motion to Dismiss indicating Petitioner's PRP is still pending in state court. Dkt. 10. He has also provided a copy of the state court docket sheet, indicating Petitioner's two PRPs have now been consolidated, but also indicating the state court has not yet made a ruling as to either PRP. Dkt. 10-1. Petitioner has not filed any opposition to Respondent's Motion, but has confirmed in his Petition that his PRP, Case No. 51918-6-II, is indeed still pending with the state court. Dkt. 4, p. 2. Thus, because Petitioner has a pending state

1    court proceeding that, if granted, would moot Petitioner's Petition, the Court recommends the

2    Petition be dismissed without prejudice.[1]

3        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4    fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

5    6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

6    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

7    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

8    February 1, 2019, as noted in the caption.

9

10       Dated this 11th day of January, 2019.

11

12                                              David W. Christel
13                                              United States Magistrate Judge

14

15

16

17

18

19

20

21

22

_____

23       [1] Moreover, it does not appear Petitioner will be prejudiced by a dismissal of his Petition. In particular, the Court notes the one-year statute of limitations applicable to § 2254 proceedings is tolled while a "properly filed" application for state post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *see also Nino v.*

24   *Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999).

REPORT AND RECOMMENDATION - 3